No. 131       February 20, 2025       155

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Ryan J. Fisher, Claimant.

Ryan J. FISHER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Hudson Bay Insulation,
*Respondents.*
Workers' Compensation Board
2202596;
A182553

Argued and submitted December 20, 2024.

Jodie Anne Phillips Polich argued the cause and filed the briefs for petitioner.

Daniel Walker argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Claimant seeks judicial review of a Workers' Compensation Board (board) order on review affirming an administrative law judge (ALJ) order. Claimant raises two assignments of error. For the following reasons, we affirm.

"We review an agency's order in a contested case for errors of law, ORS 183.482(8)(a), substantial evidence, ORS 183.482(8)(c), and substantial reason[.]" *Dorn v. Teacher Standards and Practices Comm.*, 316 Or App 241, 243, 504 P3d 44 (2021). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482 (8)(c). "Substantial reason exists where the agency has articulated a rational connection between the facts and the legal conclusion that the agency draws from them." *Dorn*, 316 Or App at 243 (internal quotation marks omitted).

*Combined condition.* In his first assignment of error, claimant argues that the board "erred in finding that claimant conceded that their claim was properly analyzed under ORS 656.802(2)(a) and that this was not a 'combined condition' under ORS 656.802(2)(b) declining to address claimant's 'combined condition' argument on review."[1] We disagree with claimant's argument.

In the order on review, the board explained:

"At the hearing level, claimant conceded that the claim was properly analyzed under ORS 656.802(2)(a) and that this was not a 'combined condition' under ORS 656.802(2) (b). Therefore, we decline to address claimant's 'combined condition' argument on review."

(Record reference omitted.)

We have reviewed the record and conclude that substantial evidence supports the board's finding. During claimant's closing argument, claimant stated:

---

[1] ORS 656.802 provides, in relevant part:

"(2)(a) The worker must prove that employment conditions were the major contributing cause of the disease.

"(b) If the occupational disease claim is based on the worsening of a preexisting disease or condition pursuant to ORS 656.005(7), the worker must prove that employment conditions were the major contributing cause of the combined condition and pathological worsening of the disease."

"So, your honor, that essentially, is my argument indicating why that this is indeed a—that the noise induced hearing loss is indeed work related. This is a combined condition and the major cause or primary cause of the work condition of the—noise induced hearing loss is the employment condition. And I would assert that [claimant] has met his burden of proof."

However, after the insurer gave its closing argument, claimant stated:

"As [the insurer] pointed out, this is not a[n] 802(b) case or an 802(2)(b) case. This is an A case. What makes this—because I'm not trying to establish on [claimant's] behalf that he had a worsening of his presbycusis, which in this case, [claimant's examining doctor] defines as being a separate condition from his high frequency hearing loss."

Because the record, when viewed as a whole, permits a reasonable person to find that claimant conceded that he was not bringing a claim under ORS 656.802(2)(b), substantial evidence supports the board's finding. *See Elsea v. Liberty Mutual Ins.*, 277 Or App 475, 484, 371 P3d 1279 (2016) ("If the board's finding is reasonable in the light of countervailing as well as supporting evidence, then the finding is supported by substantial evidence."); *Gaylord v. DMV*, 283 Or App 811, 822, 391 P3d 900 (2017) ("When in a review role, a court does not review for the better evidence.").

*Major contributing cause.* In his second assignment of error, claimant contends that the board "erred in finding that [the examining doctor's] opinion did not persuasively establish that work-related noise exposure was the major contributing cause of his hearing loss and tinnitus conditions."

Here, the board reasoned:

"We do not adopt the ALJ's reasoning that [claimant's examining doctor's] assessment and consideration of an 'unknown' cause as a contributing factor rendered his opinion unpersuasive. * * * Regardless, for the other reasons expressed in the ALJ's order, the opinion of [the examining doctor], on which claimant relies, does not persuasively establish that work-related noise exposure was the major contributing cause of his hearing loss condition. *See* ORS 656.802(2)(a)."

We have reviewed the record and conclude that substantial evidence supports the board's finding. The record indicates that the examining doctor agreed with the following statement:

"It was your opinion that [claimant's] lifelong work activities were not the major contributing cause of his bilateral hearing loss condition. You based your opinion on your reading of the audiogram done as part of your exam in this case. An audiogram is used to measure hearing loss. [Claimant's] audiogram was not consistent with his hearing loss condition being caused in major part by his lifelong work activities. In [claimant's] case all frequencies were affected on his audiogram, which was not consistent with claimant's work activities being the major contributing cause of his hearing loss condition."

The examining doctor also agreed that he "attributed 35% of [claimant's] hearing loss to something called presbycusis. Presbycusis is age related hearing loss" and that he "attributed 25% of [claimant's] hearing loss to non-work-related causes." Those causes "include avocational noise exposure from the use of firearms as well as idiopathic factors."

Because the foregoing evidence would permit a reasonable person to find that the examining doctor's opinion "[did] not persuasively establish that work-related noise exposure was the major contributing cause of his hearing loss condition," we conclude that the substantial evidence supports the order on review. *See Gaylord*, 283 Or App at 822 ("Review for substantial evidence is review to determine whether a reasonable person could have made the findings supporting the decision, not whether a reasonable person could have made different findings." (Internal quotation marks omitted.)).

Affirmed.